DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-316-RJC
(3:06-cr-383-RJC-1)

| | |
|---|---|
| JASON MILTON SMITH, JR., )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255, (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate.

**I.      BACKGROUND**

On April 5, 2007, Petitioner pled guilty to carjacking in violation of 18 U.S.C. § 2119 (Count One), and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count Three). (Case No. 3:06-cr-383, Doc. No. 18: Acceptance and Entry of Guilty Plea). On October 1, 2007, the Court sentenced Petitioner to 180 months' imprisonment on Count One and to 288 concurrent months on Count Three. Judgment was entered on October 30, 2007. (Id., Doc. No. 21 at 1-2). Petitioner appealed to the United States Court of Appeals for the Fourth Circuit, (Doc. No. 23: Notice of Appeal), which dismissed the appeal on July 8, 2008, (Id., Doc. No. 30: Order). Petitioner did not file a timely petition for certiorari in the Supreme Court, but waited until May 11, 2009, to file an untimely petition,

1

which the Supreme Court denied on June 22, 2009. Smith v. United States, 129 S. Ct. 2846 (2009).

On May 18, 2010, Petitioner filed a motion to vacate under 28 U.S.C. § 2255. (Case No. 3:06cr383, Doc. No. 33: 3:10cv227). On June 10, 2013, this Court dismissed the Section 2255 petition as time-barred. (Id., Doc. No. 35). Petitioner filed the instant Section 2255 petition on June 16, 2014, alleging as his sole ground for relief that he was wrongly designated and sentenced as an Armed Career Criminal in light of Descamps v. United States, 133 S. Ct. 2276 (2013).[1]

## II. DISCUSSION

Petitioner filed the instant Motion to Vacate on June 16, 2014, seeking to have the Court vacate his conviction and sentence in Criminal Case No. 3:06-cr-383. As noted, Petitioner filed a previous motion to vacate the same conviction and sentence, and this Court denied the motion. Thus, this is the second Section 2255 petition filed by Petitioner challenging the conviction and sentence in Criminal Case No. 3:06-cr-383.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section

---

[1] Petitioner placed the petition in the prison mailing system on June 2, 2014.

2244 by a panel of the appropriate court of appeals"). Accordingly, this unauthorized, successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit to file the motion.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: December 8, 2015

Robert J. Conrad, Jr.
United States District Judge